**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**
**upon the relation and for the use of the
Tennessee Valley Authority**

**V.**                                                  **NO. 3:22-CV-23-DMB-RP**

**AN EASEMENT AND RIGHT-OF-WAY
OVER 2.68 ACRES OF LAND, MORE OR
LESS, IN DESOTO COUNTY,
MISSISSIPPI, et al.**                                         **DEFENDANTS**

**ORDER**

On or about February 11, 2022, the United States of America, upon the relation and for the use of the Tennessee Valley Authority ("TVA"), deposited $60,600 into the Court's registry as the "amount estimated … to be just and liberal compensation for the property interest taken"[1] in this condemnation action.

On June 10, 2022, Cedarwood Farms, LLC, filed a "Motion for Distribution of Estimated Just Compensation" requesting distribution of the $60,600, "plus any interest accrued thereon." Doc. #31. Cedarwood represents that it "is the owner of the property being acquired, is the only remaining Defendant," and "has the exclusive right to the deposit." *Id.* at 2. Cedarwood further represents that the plaintiff does not object to the disbursement of the funds. *Id.* at 4.

"On application of the parties in interest, the court may order that any part of the money deposited in the court be paid immediately for or on account of the compensation to be awarded in the [condemnation] proceeding." 40 U.S.C. § 3114(c)(2). However, "[i]nterest shall not be allowed on as much of the compensation as has been paid into the court." 40 U.S.C. § 3114 (c)(1).

---

[1] Doc. #2 at 1.

This provision has been interpreted to mean interest "is awarded only upon the excess of any amount finally awarded as just compensation over the amount deposited by the government as its estimate of the just compensation for the land taken." 7 FED. PROC., L. ED. § 14:164.

Because Cedarwood is a party with an interest is this condemnation action, the Court will grant its unopposed request for disbursement of the $60,600. But because such is the amount deposited by the plaintiff into the Court's registry, no interest will be included with the disbursement. So, Cedarwood's motion for distribution [31] is **GRANTED in Part and DENIED in Part**. The motion is DENIED to the extent it seeks interest on the amount paid into the Court's registry. The motion is GRANTED in all other respects as follows:

1. The Clerk of the Court is authorized and directed to immediately draw a registry check in the amount of $60,600 to Cedarwood Farms, LLC, and deliver such check to Cedarwood's attorney at the following address: Paul R. Scott, P.O. Box 346, Hernando, MS 38632;

2. Such payment shall be credited against the final award in this action without prejudice to the right of any party herein to claim a greater or lesser amount as just compensation, and;

3. Cedarwood shall be responsible for repayment of the balance of the deposit if the just compensation award is less than the deposit amount disbursed pursuant to this order, in accordance with Federal Rule of Civil Procedure 71.1(j)(2).

**SO ORDERED**, this 22nd day of August, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**